# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF ALASKA

In re:

MICHAEL WILLIAM SINE and
SHERRIE KAY SINE,

        Debtors.

Case No. J08-00152-DMD
Chapter 12

**Filed On
3/6/09**

## MEMORANDUM ON DEBTORS' THIRD AMENDED PLAN

On January 9, 2009, this court entered an order denying confirmation on the grounds that the debtors' second amended chapter 12 plan wasn't feasible.  The trustee subsequently filed a motion to dismiss, and the debtors' major creditor, the State of Alaska, filed a motion for relief from stay.  The debtors filed a third amended plan on February 23, 2009, along with oppositions to the motions filed by the trustee and the State.  A hearing on the trustee's motion to dismiss was held on February 24, 2009.  The court has taken that motion under advisement.

Feasibility was the hurdle which the debtors failed to overcome in their second amended plan.  Under the terms of that plan, the debtors would have been required to pay a total of more than $65,000.00 to the State and the trustee in 2009, and $48,000.00 in subsequent years through 2013.  I found that the debtors hadn't established that they could generate sufficient income to make these payments.  Confirmation was denied on this basis.

The debtors' third amended plan contains significant changes.  First, the debtors contend their vessel *Northern Explorer* is worth only $125,000.00 and propose reducing the State's secured Class 1 claim from $202,561.00 to this amount.  The State's

Class 2 secured claim would be satisfied by surrender of the collateral, and any deficiency amount would be paid, pro-rata, with the other general unsecured claims. The Class 3 claim of Anderes Oil would become fully unsecured, and the marine mortgage held by Anderes would be released on plan confirmation. Finally, the debtors no longer propose a full payment plan. Instead, the unsecured creditors would receive a distribution of about 22%.

The third amended plan would require annual debt service of $35,000.00 for the first three years, and $15,000.00 thereafter.[1] The debtors also propose supplementing their earnings with "shore work" and have submitted a letter from E.C. Phillips & Son, Inc., which shows that they have a commitment for 62 days of tender work this summer at the rate of $1,400.00 per day (for potential gross income of $86,800.00). At the prior confirmation hearing, the debtors had established that tender work provided more reliable income than fishing.

This court has previously found that there is no indication in this case of bad faith on the part of the debtors. They have a sincere desire to reorganize under chapter 12. The third amended plan and the revised budget that they have submitted seem to contain more realistic projections than their prior, unsuccessful ones, although there are questions which remain. For example, have the debtors found "shore work" at the pay rates anticipated? How realistic is the projection for 2009 income from cod fishing? Do the debtors have any contingency plans to generate additional income in the event that their revised 2009 projections do not come to fruition? These questions can only be answered in

---

[1] This $15,000.00 payment is to be made to the State on its larger secured claim, until 2020 when a final, balloon payment will be made.

2

the context of a confirmation hearing. I don't feel that the case has languished, at this point, to the extent that the debtors should not be given one final opportunity to obtain confirmation of a plan.

For the foregoing reasons, a confirmation hearing on the debtors' third amended plan will be scheduled. The trustee's pending motion to dismiss will be scheduled for a continued hearing on the same date. Finally, if the debtors and the State cannot stipulate to the value of the vessel *Northern Explorer*, the debtors must also file and serve a motion for valuation of collateral, in accordance with AK LBR 3012-1, so that this issue can also be heard at the time of the confirmation hearing. The court will shorten the time for notice on both the confirmation hearing and the valuation motion so that these matters can be heard on March 31, 2009.

An order will be entered consistent with this memorandum.

DATED: March 6, 2009

                                      BY THE COURT

                                      /s/ Donald MacDonald IV
                                      DONALD MacDONALD IV
                                      United States Bankruptcy Judge

Serve:      D. Bundy, Esq.
              M. E. Beardsley, Esq.
              L. Compton, Trustee
              U. S. Trustee
                        3/6/09