# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF ALASKA

In re:

MICHAEL WILLIAM SINE and
SHERRIE KAY SINE,

Debtors.

Case No. K08-00152-DMD
Chapter 12

**Filed On**
**4/21/09**

## MEMORANDUM REGARDING VALUE, CONFIRMATION
## AND DISMISSAL

The debtors have been in chapter 12 since March 26, 2008. Their second amended plan came before the court for confirmation on December 15, 2008. Confirmation of that plan was denied because the plan was not feasible. This court's confirmation memorandum of January 9, 2009, is incorporated by reference. The debtors have filed a third amended plan and a motion for valuation of collateral. The trustee has filed a motion to dismiss. A hearing on all these matter was held on April 13, 2009.

The first issue to come before the court concerns the valuation of the debtors' fishing vessel *Northern Explorer*. In their second amended plan, the debtors treated the claims of the State of Alaska for over $260,000.00, as well as a $13,824.00 claim filed by Anderes Oil, as fully secured by the vessel. The proposed treatment of these claims was based on a May, 2007, marine survey of the *Northern Explorer* which placed the value of the vessel at $365,000.00. In their third amended plan, the debtors have reduced the value of the vessel to $125,000.00. The third amended plan bifurcates the State's claim and treats the claim of Anderes Oil as a wholly unsecured claim.

The debtors based the reduced value of the *Northern Explorer* on two recent boat brokers' estimates. Mike Painter, a broker in Anacortes, Washington, estimated the

current market value of the vessel at $100,000.00. Carl Pearson, a broker based in Everett, estimated that the boat could bring $85,000.00 to $90,000.00 in today's market. In rebuttal, the state offered the testimony of one of its employees, James Andersen, who thought the state could realize $185,000.00 to $210,000.00 if the vessel was sold without a broker.

Neither of the brokers who gave the debtors an estimate of value has actually seen the *Northern Explorer*. In reaching their estimated values, they both relied on the May, 2007, survey of the vessel. That survey was performed by Larry Traeger, a marine surveyor who was employed by the debtors. He thoroughly inspected the *Northern Explorer* in 2007 when he valued the vessel at $365,000.00. I will give more weight to his opinion of value due to his qualifications and more extensive, on-site review of the vessel. However, the market has declined in the two years since the survey was performed. I find the value of the boat to be $165,000.00 as of April 13, 2009.

The second issue to be determined is whether the debtors' third amended plan meets the requirements for confirmation. Because the value of the *Northern Explorer* is $165,000.00, it follows that the secured portion of the State's claim is also for this sum. The debtors' third amended plan is not confirmable because it does not provide for full payment of this secured claim. However, there is an additional ground for denying confirmation: the plan is not feasible. The debtors have had the benefit of the automatic stay for almost 14 months, but have not made a single payment to the trustee or the State of Alaska. They owe at least $9,500.00 in fees to their attorney, plus at least $14,000.00 in additional post-petition administrative expenses for unpaid bills. Further, the insurance on the vessel is expiring and

2

Mr. Sine will need a sizeable downpayment of $1,800.00 to $2,400.00 to keep the policy from lapsing.

The debtors don't have the financial means to satisfy these sizeable expenses. Mr. Sine has just $1,700.00 in cash on hand. He has virtually no working capital and has not completed his 2008 federal income tax return. Considering the debtors' past business history, their 2009 projection of $36,000.00 for net income from operations is overly optimistic and unrealistic. Mr. Sine has not made the gross profit of $15,000.00 projected for his cod fishing trips. While he has grossed $16,000.00, virtually all of that money has been spent. None remains to commit to a plan. On the other hand, Mr. Sine does have an offer for a tending contract with E.C. Phillips & Son. This contract would commence on July 1, 2009, and run for 62 days. The terms are $1,400.00 per day plus fuel consumed. Although Phillips & Son will cover the fuel expense, the debtors still must cover other substantial expenses out of the $1,400.00 daily pay. These expenses include the cost for a crew to man the vessel, food for the crew, employment taxes, insurance and any needed repairs for the vessel. Moreover, the debtor has had tendering contracts in the past and failed to make enough money for debt service on an annual basis.

The debtors also propose to take "shore work" to help cover plan payments. Michael Sine is taking a shore job with Silver Bay Seafoods in Craig at $16.00 an hour. According to Sine, his wife has a good chance of getting a job as well. Both jobs would be seasonal, however. It seems unlikely that the debtors will have sufficient income from these jobs, after deduction for necessary living expenses, to make the substantial payments which would be required on the State's secured claim. Nor does it seem likely that the income from

3

the shore work, combined with the net profits from the operation of their vessel, will provide the debtors with sufficient income to fund a plan and make payments to their creditors. The plan is not feasible.

Finally, the trustee has moved to dismiss. Dismissal of the case was sought for unreasonable delay that was prejudicial to creditors. The debtors have had the use of the State's collateral for a prolonged period with no payments. The delay is prejudicial to the State as well as the debtors' other pre and post-petition unsecured creditors. Additionally, there is cause for dismissal because the debtors are unable to propose a feasible plan. In accordance with 11 U.S.C. § 1208(c), their chapter 12 petition will be dismissed.

An order will be entered consistent with this memorandum.

DATED: April 21, 2009.

>BY THE COURT
>
>/s/ Donald MacDonald IV
>DONALD MacDONALD IV
>United States Bankruptcy Judge

Serve:   D. Bundy, Esq.
M. E. Beardsley, Esq.
A. Mead, Esq.
L. Compton, Trustee
U. S. Trustee

04/21/09

4